**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff and all others similarly situated*


UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

——————————————————————X
                                                        :
ANDREA CEASAR, on behalf of herself and all    :
others similarly situated,                              :
                                                        :
                           Plaintiff,              :   Civil Action No.
                                                        :
vs.                                                     :   **CLASS ACTION COMPLAINT AND**
                                                        :   **JURY TRIAL DEMAND**
PAUL MICHAEL MARKETING SERVICE INC. :
dba PAUL MICHAEL ASSOCIATES,            :
                                                        :
                           Defendant.           :
                                                        :
——————————————————————X


Plaintiff ANDREA CEASAR, on behalf of herself and all others similarly

situated, (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against

the above-named Defendant PAUL MICHAEL MARKETING SERVICE INC. dba

PAUL MICHAEL ASSOCIATES ("Defendant"), the following:


**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action for damages and declaratory and injunctive

relief arising from Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt

Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues

## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of the State of New Jersey, County of Bergen and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Based upon information and belief defendant PAUL MICHAEL

MARKETING SERVICE INC., dba PAUL MICHAEL ASSOCIATES ("PAUL

MICHAEL") is a corporation organized under the laws of the State of New York with its

principle place of business located at 159-16 Union Turnpike, Suite 302, Flushing, New

York.

9.      Upon information and belief, Defendant is a company that uses the mail,

telephone, and facsimile and regularly engages in business, the principal purpose of

which is to attempt to collect debts alleged to be due another.  Defendant is a "Debt

Collector" as that term is defined by 15 U.S.C. §1692(a)(6).


## CLASS ACTION ALLEGATIONS

10.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23

of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all

New Jersey consumers and their successors in interest (the "Class"), who have received

debt collection letters from the Defendant which are in violation of the FDCPA, as

described in this Complaint.

11.     This Action is properly maintained as a class action. The Class consists of:

• All New Jersey consumers who were sent letters and/or notices from

Defendant, which contained at least on one of the alleged violations of 15

U.S.C. § 1692 et seq. as set forth herein.


• The Class period begins one year to the filing of this Action.

12.     The Class satisfies all the requirements of Rule 23 of the FRCP for

maintaining a class action:

•     Upon information and belief, the Class is so numerous that joinder of

3

all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (See **Exhibit A)**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.      Whether the defendant violated various provisions of the FDCPA, including, but not limited to 15 U.S.C. §§1692e, 1692f and 1692g;

    b.      Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

g.      Whether Plaintiff and the Class are entitled to declaratory

and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same

  operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the

  other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and

  has retained experienced and competent attorneys to represent the

  Class;

- A Class Action is superior to other methods for the fair and efficient

  adjudication of the claims herein asserted. Plaintiff anticipates that no

  unusual difficulties are likely to be encountered in the management of

  this class action;

- A Class Action will permit large numbers of similarly situated persons

  to prosecute their common claims in a single forum simultaneously

  and without the duplication of effort and expense that numerous

  individual actions would engender. Class treatment will also permit the

  adjudication of relatively small claims by many Class members who

  could not otherwise afford to seek legal redress for the wrongs

  complained of herein.  Absent a Class Action, class members will

  continue to suffer losses of statutory protected rights as well as

  monetary damages.  If Defendant's conduct is allowed to proceed

5

without remedy they will continue to reap and retain the proceeds of their ill-gotten gains;

• Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14. Prior to June 22, 2016, Plaintiff allegedly incurred a financial obligation to Shiel Medical Labs ("Shiel") for medical services ("the Shiel Debt").

15. The Shiel Debt obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. The alleged Shiel Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

17. Shiel is a "creditor" as defined by 15 U.S.C. § 1692a(4).

18. At some time prior to June 22, 2016, the Shiel Debt obligation became past due with a balance due of $1199.30.

19. At some point prior to June 22. 2016, the Shiel Debt was referred for collection by Shiel to Defendant.

20. At the time the Shiel Debt obligation was placed with Defendant, the balance was past due.

21. On or about June 22, 2016, Defendant sent Plaintiff a collection letter

indicating a current balance due of $1199.30.  See, attached Exhibit A.

22.      The June 22, 2016 collection letter was Defendant's initial communication to Plaintiff.

23.      The June 22, 2016 collection letter was sent in connection with the collection of the Shiel Debt obligation.

24.      The June 22, 2016 collection letters is a "communication" as defined by 15 U.S.C. §1692a(2).

25.      Section 1692g(a)(2) of the FDCPA provides that the initial communication from the debt collector to the consumer  must provide the name of the creditor to whom the debt is owed.

26.      The June 22, 2016 collection letter states "RE: Shiel Medical Labs" at the top of the letter, but the "RE" fails to clearly identify whether this is the creditor or not.

27.      Furthermore, the June 22, 2016 collection letter fails to identify who the current creditor is, and whether this is different from the original creditor.

28.      The reference in the letter to the "above creditor" may lead the least sophisticated consumer to believe that "Paul Michael Associates" is the creditor since this is the name in bold and large print at the top of the letter.  Further reinforcing this understanding would be that the check or money order is made payable to "Paul Michael Associates"

29.      Furthermore, the June 22, 2016 letter indicates that the account has been "turned over."

30.      The language "turned over" would be confusing or uncertain as to the meaning of this term.

31.     The June 22, 2016 collection letter further provides under the signature block, "Subscriber to Experian, Trans-Union and Equifax."

32.     The reference to these three credit reporting agencies during the 30 day verification period provided for by section 1692g overshadows plaintiff's right to seek verification of the Shiel debt.

33.     Additionally, the reference to the three credit reporting agencies is a threat to report the Shiel Debt to the credit reporting agencies, but which action Defendant does not intend to take.

34.      In the last year, Defendant sent collection letters to numerous New Jersey consumers in which Defendant failed to identify the creditor, has included confusing language and/or has identified the 3 reporting agencies on the initial communication to the consumer.

35.     Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of Defendant.

36.     Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

37.     Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

38.     Defendant violated Plaintiff's right to a trustful and fair debt collection process.

39.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

8

40.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

41.     The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

42.     It is Defendant's pattern and practice to send collection letters in the form described above, and which violate the FDCPA.

43.     On information and belief, Defendant made recorded message calls in the form described above to at least 50 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT
### VIOLATIONS OF 15 U.S.C. §1692

44.     Plaintiff repeats the allegations contained in paragraphs 1 through 43 as if the same were set forth at length.

45.     Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

46.     Defendant's conduct violated several provisions of the FDCPA, including, but not limited to:

A. 15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B. 15 U.S.C. §1692e(5), by threatening to take any action that cannot legally be taken or that is not intended to be taken;

C. 15 U.S.C. §1692e(10), by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

D. 15 U.S.C. §1692f, by using unfair or unconscionable means to collect or attempt to collect any debt;

E. 15 U.S.C. §1692g, by failing to provide the debt verification rights notice;

F. 15 U.S.C. §1692g(a)(2), by failing to accurately name the creditor to whom the debt is due; and

G. 15 U.S.C. §1692g(b) by engaging in collection activity which overshadows or is inconsistent with the consumer's right to dispute the debt.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representatives and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

10

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   Rutherford, New Jersey
              June 22, 2017

Respectfully submitted,

By: <u>s/ Lawrence C. Hersh</u>
     Lawrence C. Hersh, Esq.
     17 Sylvan Street, Suite 102B
     Rutherford, NJ  07070
     (201) 507-6300
     *Attorney for Plaintiff*

<b><u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u></b>

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: June 22, 2017              By: <u>s/ Lawrence C. Hersh</u>
                                              Lawrence C. Hersh, Esq.

EXHIBIT A

# PAUL MICHAEL ASSOCIATES

159-16 Union Turnpike Ste 302
Flushing, NY  11366
(718)740-1401
New York City Consumer Affairs License #0894190

June 22, 2016

Andrea Ceasar                6550597            RE:  Shiel Medical Labs
                                                **BALANCE DUE       : $1199.30**
                                                ACCOUNT NUMBER  :  ███9367

Please be advised that this office represents the above creditor who has turned over your account in the amount indicated above for collection.  This amount is outstanding and past due.

Unless you notify our office within thirty (30) days after receipt of this letter that you are disputing the validity of the debt, or any portion of it, we will assume that the debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

In order to credit your account properly, you must return the bottom portion of this letter with your payment.

**Please forward your check or money order made payable to <u>PAUL MICHAEL ASSOCIATES</u>.**

This letter is an attempt by a debt collector, to collect a debt; any information obtained will be used for that purpose.

Thank you,

Bob Stone

Subscriber to Experian, Trans-Union and Equifax

---

159-16 UNION TURNPIKE STE 302
FLUSHING NY 11366-1955

CHANGE SERVICE REQUESTED

RE:  Shiel Medical Labs
**Total Due : $1199.30**
Acct #:  ███9367
☐ Visa  ☐ MC  ☐ AmEx  ☐ Disc   Security Code: _____
Card #:  __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __
Exp Date: ____/____/____ Pmt Amt:  $_____
Print Name on card: _____
Signature: _____

PERSONAL & CONFIDENTIAL
ANDREA CEASAR                6550597

PAUL MICHAEL ASSOCIATES
159-16 UNION TURNPIKE STE 302
FLUSHING NY  11366-1955

PM1 000281P 1 062 000278 174 065600 Z-CRE          June 22, 2016 | PM1